United States District Court

Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAPC, LLC,

            Plaintiff,

    vs.

JOSE L. RODRIGUEZ, JUAN CARLOS LOPEZ, and DOES 1-10,

            Defendant.

Case No.: C12-CV-02476-YGR

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

Defendant Juan Carlos Lopez ("Defendant") removed this case from Contra Costa County Superior Court on May 15, 2012.  (Dkt. No. 1, "Notice of Removal (Under Federal Question Jurisdiction)" ("Removal Notice") ¶ 1.)  Plaintiff filed the instant Motion to Remand on July 23, 2012.  (Dkt. No. 11 ("Motion").)   On the same day, Plaintiff filed an Application for Order Shortening Time and Advancing Motion to Remand to State Court.  (Dkt. No. 12, "Application to Shorten Time.")

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Under 28 U.S.C. § 1331, a district court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  The burden of establishing federal jurisdiction is on the party seeking removal, and courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) (internal citations omitted).  Accordingly,

United States District Court

Northern District of California

1   "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first

2   instance." *Id.* at 566.  A district court *must* remand the case to state court if it appears at any time

3   before final judgment that the district court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).

4         Defendant alleges removal is proper on the basis of federal question jurisdiction pursuant to

5   28 U.S.C. section 1331.  Federal question jurisdiction is limited by the well-pleaded complaint rule,

6   "a powerful doctrine [that] severely limits the number of cases in which state law 'creates the cause

7   of action' that may be initiated in or removed to federal district court." *Lippitt v. Raymond James*

8   *Fin. Servs.*, 340 F.3d 1033, 1039-40 (9th Cir. 2003) (quoting *Franchise Tax Bd. of Cal. v. Constr.*

9   *Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983)) (alterations in original and internal quotations

10  omitted).  Under the well-pleaded complaint rule,

11        Whether a case is one arising under the Constitution or a law or treaty of the United
12        States . . . must be determined from what necessarily appears in the plaintiff's
          statement of his own claim in the bill or declaration, unaided by anything alleged in
13        anticipation of avoidance of defenses which it is thought the defendant might
          interpose.
14

15  *Lippitt,* 340 F.3d at 1040 (quoting *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914)) (alteration in

16  original).

17        Defendant asserts that federal question jurisdiction is proper because his defenses implicate

18  federal law.  Specifically, he asserts that Plaintiff has discriminated against him and violated federal

19  law by failing to provide him with a 90-day notice to quit under the Protecting Tenants at

20  Foreclosure Act of 2009, 12 U.S.C. section 5200 ("PFTA").  Removal Notice ¶¶ 3-4.  Defendant's

21  claim of discrimination or assertion of PFTA does not create a federal question.  A claim "arises

22  under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal

23  claim for relief.  *Vaden v. Discovery Bank*, 556 U.S. 49, 60 (2009).  Defenses and counterclaims

24  asserting a federal question do not satisfy this requirement.  *Id.*; *Caterpillar Inc. v. Williams*, 482

25  U.S. 386, 393 (1987) ("[I]t is now settled law that a case may *not* be removed to federal court on

26  the basis of a federal defense.").  Indeed, the federal question must be presented by the plaintiff's

27  complaint as it stands at the time of removal.  The record indicates that Plaintiff's state court

28  complaint presents a claim arising only under state law for unlawful detainer and does not allege

1   any federal claims whatsoever.  (*See* Dkt. No. 1, "Complaint for Unlawful Detainer" ("Complaint")

2   at ECF p. 10.)  Defendant's allegations in a Removal Notice cannot provide this Court with federal

3   question jurisdiction.

4           Moreover, there is no diversity jurisdiction in this matter.  Plaintiff's Complaint indicates

5   that the amount demanded does not exceed $10,000.  As such, removal to federal court cannot be

6   based on diversity jurisdiction.  28 U.S.C §§ 1441(b) & 1332(a).

7           For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED** and this action is

8   hereby **REMANDED** to the Contra Costa County Superior Court.  The Court **DENIES AS MOOT** the

9   Application to Shorten Time.    This Order terminates Dkt. Nos. 11 & 12.  The pending Application

10  to Proceed *in Forma Pauperis* by Defendant (Dkt. No. 2) is **DENIED AS MOOT** based on this Order.

11          The Clerk of this Court is further ordered to forward certified copies of this Order and all

12  docket entries to the Clerk of the Contra Costa County Superior Court.

13          **IT IS SO ORDERED.**

14

15  Dated: August 2, 2012                    _____

16                                           **YVONNE GONZALEZ ROGERS**
                                             **UNITED STATES DISTRICT COURT JUDGE**

17

18

19

20

21

22

23

24

25

26

27

28

*United States District Court*
*Northern District of California*

3