UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAPC, LLC,<br><br>        Plaintiff,<br><br>    vs.<br><br>JOSE L. RODRIGUEZ, JUAN CARLOS LOPEZ, and DOES 1-10,<br><br>        Defendant. | Case No.: C12-CV-02476-YGR<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |

    Defendant Juan Carlos Lopez ("Defendant") removed this case from Contra Costa County Superior Court on May 15, 2012. (Dkt. No. 1, "Notice of Removal (Under Federal Question Jurisdiction)" ("Removal Notice") ¶ 1.) Plaintiff filed the instant Motion to Remand on July 23, 2012. (Dkt. No. 11 ("Motion").) On the same day, Plaintiff filed an Application for Order Shortening Time and Advancing Motion to Remand to State Court. (Dkt. No. 12, "Application to Shorten Time.")

    Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1331, a district court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The burden of establishing federal jurisdiction is on the party seeking removal, and courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) (internal citations omitted). Accordingly,

"federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* at 566. A district court *must* remand the case to state court if it appears at any time before final judgment that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Defendant alleges removal is proper on the basis of federal question jurisdiction pursuant to 28 U.S.C. section 1331. Federal question jurisdiction is limited by the well-pleaded complaint rule, "a powerful doctrine [that] severely limits the number of cases in which state law 'creates the cause of action' that may be initiated in or removed to federal district court." *Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033, 1039-40 (9th Cir. 2003) (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983)) (alterations in original and internal quotations omitted). Under the well-pleaded complaint rule,

> Whether a case is one arising under the Constitution or a law or treaty of the United States . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant might interpose.

*Lippitt,* 340 F.3d at 1040 (quoting *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914)) (alteration in original).

Defendant asserts that federal question jurisdiction is proper because his defenses implicate federal law. Specifically, he asserts that Plaintiff has discriminated against him and violated federal law by failing to provide him with a 90-day notice to quit under the Protecting Tenants at Foreclosure Act of 2009, 12 U.S.C. section 5200 ("PFTA"). Removal Notice ¶¶ 3-4. Defendant's claim of discrimination or assertion of PFTA does not create a federal question. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. *Vaden v. Discovery Bank*, 556 U.S. 49, 60 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. *Id.*; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense."). Indeed, the federal question must be presented by the plaintiff's complaint as it stands at the time of removal. The record indicates that Plaintiff's state court complaint presents a claim arising only under state law for unlawful detainer and does not allege

any federal claims whatsoever. (*See* Dkt. No. 1, "Complaint for Unlawful Detainer" ("Complaint") at ECF p. 10.) Defendant's allegations in a Removal Notice cannot provide this Court with federal question jurisdiction.

Moreover, there is no diversity jurisdiction in this matter. Plaintiff's Complaint indicates that the amount demanded does not exceed $10,000. As such, removal to federal court cannot be based on diversity jurisdiction. 28 U.S.C §§ 1441(b) & 1332(a).

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED** and this action is hereby **REMANDED** to the Contra Costa County Superior Court. The Court **DENIES AS MOOT** the Application to Shorten Time. This Order terminates Dkt. Nos. 11 & 12. The pending Application to Proceed *in Forma Pauperis* by Defendant (Dkt. No. 2) is **DENIED AS MOOT** based on this Order.

The Clerk of this Court is further ordered to forward certified copies of this Order and all docket entries to the Clerk of the Contra Costa County Superior Court.

**IT IS SO ORDERED.**

Dated: August 2, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**